IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MITCHELL B. MORRIS, et al. | : | |
| | : | |
| v. | : | Civil Action No. DKC 10-1871 |
| | : | |
| WESTBOUND BANK | : | |
| | : | |

**MEMORANDUM OPINION**

On December 28, 2009, Plaintiffs Mitchell and Donna Morris
commenced an action in this court against Sandy Spring Bank and
Defendant Westbound Bank ("Defendant") alleging state law
conversion claims. Upon noting that the parties were not
completely diverse and that no federal question was presented,
the court directed Plaintiffs to show cause as to why the
complaint should not be dismissed for lack of subject matter
jurisdiction. Plaintiffs responded by filing a motion to
dismiss the case without prejudice to their right to re-file in
state court and, on January 25, 2010, that motion was granted.
*See Morris, et al. v. Sandy Spring Bank*, Civ. No. DKC 09-3463.

On January 28, 2010, Plaintiffs re-filed their complaint in
the Circuit Court for Montgomery County, Maryland. In response,
Sandy Spring Bank filed a motion to dismiss or for summary
judgment and Defendant separately filed a motion to dismiss,
both of which Plaintiffs opposed. At the conclusion of a May 27

hearing, the circuit court granted summary judgment in favor of Sandy Spring Bank and granted Defendant's motion to dismiss without prejudice to Plaintiffs' right to amend within thirty days. Plaintiffs filed an amended complaint against Defendant alone on June 28, 2010.

On July 13, 2010, Defendant removed the action to this court pursuant to 28 U.S.C. § 1441(b)[1] and asserted diversity of citizenship as the basis for federal jurisdiction under 28 U.S.C. § 1332. (Paper 1). The following day, the court issued an order directing the parties to address, *inter alia*, the propriety of removal in light of the so-called "voluntary-involuntary rule," which prohibits removal where "the dismissal of all non-diverse defendants results from something other than the voluntary action of the plaintiff." (Paper 27, at 1 (quoting *Riverdale Baptist Church v. Certainteed Corp.*, 349 F.Supp.2d 943, 945 (D.Md. 2004)).

On July 27, 2010, Defendant filed a response asserting that "[t]he decisions addressing the 'voluntary-involuntary' rule in this jurisdiction . . . are not directly applicable here because the unique circumstances of this case render it

_____

[1] Defendant presumably intended to cite § 1441(a), which provides for removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction," rather than § 1441(b), which deals with removals by citizens of the State in which the action is brought.

distinguishable." (Paper 30, at 4). Specifically, Defendant argues, whereas other cases considering the application of the rule have involved defendants "attempt[ing] to remove the very same complaint from which the non-diverse defendants were dismissed," here, Defendant has removed "a new pleading, which names only Westbound, which asserts entirely new theories of liability, and five new causes of action which were not previously asserted by Plaintiffs." (*Id*.). Defendant further asserts that the rationale for the rule, *i.e.*, avoiding the possibility that future state court proceedings, such as an appeal, might reinstate the non-diverse party, is not applicable in this case because "Plaintiffs did not seek reconsideration of the Circuit Court's order granting judgment to Sandy Spring Bank, and otherwise have not appealed that decision." (*Id*. at 5). Finally, according to Defendant, permitting removal in this case is warranted because Plaintiffs initially filed suit in this court, thus evidencing their preference to pursue their claims here.

The third argument advanced by Defendant was debunked by Plaintiffs, whose response to Defendant's filing states, in no uncertain terms, that "Plaintiffs' 'choice' is for this matter to be heard in the forum of the Circuit Court for Montgomery County, Maryland." (Paper 31, at 1). They assert that their filing of the original complaint in this court was not based on

a preference for litigating in this forum, but on "the mistaken belief that it had to be filed in federal court because i[t] was based on the Uniform Commercial Code." (*Id.*).[2] Moreover, Plaintiffs observe that their filing of an amended complaint naming Defendant only and raising new claims was "the result of what transpired in the litigation of this case to date in the Circuit Court." (*Id.* at 2). Finally, they contend that this court's retention of the case will result in prejudice to them.

As to Defendant's remaining arguments, the fact that Plaintiffs have amended their original complaint is inconsequential to the analysis of whether removal was proper. The removal provisions apply to the "action" brought in state court, not the version of the complaint that is pending. Defendant must concede that it removed the same "action" that had initially included the non-diverse defendant. It is true that one concern underlying the "voluntary-involuntary rule" is to avoid a potential reversal of the state court dismissal on appeal, in which case "diversity jurisdiction may ultimately be destroyed if the state appellate court reverses the dismissal of the non-diverse party." *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). The fact that

---

[2] Notably, the order directing Plaintiffs to show cause why the initial case should not be dismissed for lack of subject matter jurisdiction specifically mentioned that "[t]he U.C.C. is not a federal statute."

Plaintiffs amended their complaint after the non-diverse party was removed from the case has done nothing to affect that potentiality. Nor does the fact that Plaintiffs have not yet filed an appeal have any bearing. Pursuant to Md. Rule 2-602, unless the court certifies otherwise, "an order . . . that adjudicates fewer than all of the claims in an action . . . or that adjudicates the rights and liabilities of fewer than all the parties . . . is not a final judgment." Indeed, this rule "is analogous to Fed.R.Civ.P. 54(b)." *See Pulse One Communications, Inc. v. Bell Atl. Mobile Sys., Inc.*, 760 F.Supp. 82, 83 (D.Md. 1991). Here, the order granting summary judgment in favor of Sandy Spring Bank (paper 23) was not certified as a final judgment. Thus, any appeal filed by Plaintiffs at this juncture would likely be subject to dismissal as premature. *See* Md. Rule 8-602. Furthermore, not all federal courts agree with the Second Circuit's decision cited by Defendant, *Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40 n.2 (2nd Cir. 1980). For example, in *Insinga v. La Bella*, 845 F.2d 249, 253 (11th Cir. 1988), the court concluded that "finality in the state court as to all resident defendants may be a necessary condition to support removal, [but] it is not a sufficient prerequisite nor is it synonymous with voluntariness."

Because Sandy Spring Bank was not voluntarily dismissed and final judgment has not yet been rendered in the state court, the

potential remains for a reversal by the Maryland appellate courts that would reinstate Sandy Spring Bank, the non-diverse party. Moreover, Plaintiffs' actions do not demonstrate an abandonment of their choice to litigate in the state forum. Defendant's removal of the case to this court was, therefore, improper.

By separate order, the case will be remanded to state court.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge